By the Court, Bronson, J.
In covenant, and in debt on bond assigning breaches of the condition, the defendant may plead to each of the breaches, or he may plead to some and demur to others. But we are not referred to any authority for applying the same rule in the action of assumpsit, and I think there is a difference in principle between the two cases. In debt or covenant, the plea of non est factum admits the breaches, and the plaintiff is only obliged to prove the making of the deed. But in assumpsit, the plea of non assumpsit puts in issue the breach or breaches as well as the contract, and the plaintiff must prove both before he can recover. As there is no necessity for pleading specially to the breaches, and as the right to do so seems not to be established by the precedents, I think such pleading should not be allowed. It can lead to nothing but useless expense and delay. If no breach is well assigned the defendant may demur to the whole declaration or count. If one breach is well assigned and others are not, the defendant may, under the plea of non assumpsit, object on the trial against receiving evidence or assessing damages on the defective breaches; and if he is overruled, he may have redress upon a case or bill of exceptions. Here the money was payable by instalments, and if the last instalment was not due when the suit was commenced, the defendant may take the objection on the trial.
Motion granted.